JOSEPH M. KELLOGG *vs*. HELEN WAITE & trustee.

The U. S. St. of 1866, *c*. 106, providing that no sum due or to become due to any pensioner shall be liable to attachment while in course of transmission to him does not apply to a sum which at the time of the passage of that statute had already been paid to a pensioner's agent by his request; and such sum may be attached in the agent's hands on trustee process.

TRUSTEE PROCESS. The trustee was charged, in the superior court, upon facts which are stated in the opinion; and the defendant appealed to this court.

*C. Delano*, for the defendant and trustee.

*S. T. Spaulding*, for the plaintiff.

HOAR, J. The answer of the trustee discloses funds in his hands, received by him before the service of the writ, which he had obtained as the agent of the principal defendant from the pension office of the United States, as money due to her as the pension of the widow of a soldier who died in the United States service. It was at the time of service a debt due from him to her, for money received by him at her request and to her use. It is therefore a credit deposited in his hands, within the meaning of the statute giving a remedy by the trustee process, unless exempted by law from attachment.

The counsel for the defendant and trustee does not cite **any** provision of law in force when the trustee received the money or when the trustee process was served upon him, which would prevent the attachment of these funds in his hands; but relies chiefly upon the U. S. St. of 1866, *c.* 106, the third section of which contains this provision : "And no sum of money due, or to become due, to any pensioner under the laws aforesaid, shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto ; but shall inure wholly to the benefit of such pensioner." And it is argued that the funds attached in this suit were " in course of transmission to the pensioner," and that the statute affects the remedy only, and is therefore applicable and effectual to prevent the operation of the attachment, though passed since the suit was commenced. The U. S. St. of 1838, *c.* 189, § 2, provided that no pension granted by that act or any former act of congress should be liable to attachment, levy or seizure, by any process in law or equity ; and several preceding acts of congress contained provisions to the like effect. But it seems that when this pension was paid to the agent who is now summoned as trustee, there was no provision of law to exempt it from attachment.

It is undoubtedly competent for the United States to attach such conditions as they may see fit to the grant of a pension, and to fix by law the time and manner in which the property shall finally pass to the pensioner. But when this money was paid to the agent of the principal defendant, by her consent, and in conformity with the existing provisions of law, it became her property, and created a debt from the agent to her, over which the United States government had no longer any control or jurisdiction. It was no longer, in the language of the statute of 1866, " a sum of money due or to become due to any pensioner under the laws of the United States." It had been paid, and was received by her in the manner she had chosen. It could not be recalled by the government, nor could its disposal be

qualified or in any manner limited or abridged. The statute could only apply to future payments " due or to become due " under the pension laws.	*Trustee charged.*